[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON #125 AND #128
As to #125, the defendant's motion to amend:
At a conference on October 4, 2001, Judge Peck ordered that any amendments to pleadings were to be filed no later than October 31, 2001, discovery was to be completed by December 31, 2001, and trial was to begin on January 15, 2001. The motion to amend which is under consideration was filed on November 29, 2001. I have thoroughly reviewed the file and the arguments of counsel, and I see no compelling justification, in light of the lengthy history of the case and ample opportunity to have previously discussed all facts, not to enforce Judge Peck's order. The motion to amend is denied.
As to #128, the defendant's motion to reargue:
The defendant's supposition is correct: I did not have the defendant's materials in opposition when I granted the plaintiff's objection to the fourth special defense on December 3, 2001. Counsel should be reminded that last minute filings — the defendant's response was apparently filed on the Friday afternoon immediately preceding the Monday short calendar — cannot practically be expected to reach the file in time, and claims for oral argument on presumptively non-arguable matters do no in themselves constitute meaningful responses. There was little reason, then, for counsel to expect the materials to come to the attention of the judge. CT Page 1513
That being said, however, I have reconsidered whether the objection to paragraph 3(c) of the defendant's request to amend answers and special defenses dated October 29, 2001, should be sustained. The plaintiff claims that paragraph 3(c) is substantially the same as the fourth special defense in the December 9, 1999, pleading, which was withdrawn on January 4, 2001. The withdrawal of the defense solved a discovery dispute, and the plaintiff apparently relied on the withdrawal in not pursuing further discovery in that regard. The defendant claims that the prior defense was grounded on a theory of tortious interference with contract, a tort claim, and the presently requested defense is simply based on a contractual claim of set-off.
However the claim is characterized, the subject matter is substantially the same and substantially the same discovery is necessary. At argument, counsel suggested that the subject matter could properly be prepared by answering the previously withdrawn discovery and, perhaps, a deposition of Mr. Scinto. The issue could have been resolved more than a year ago: especially if the same discovery would suffice, and the same general subject matter is sought to be resurrected, though perhaps in different garb, then it is clear that for many purposes the claim is substantially the same. If the original trial date had not been moved from January 15, 2002, to March 14, 2002, the objection would be sustained.
The trial date has been continued, however, and counsel have assured me that the previously withdrawn discovery will suffice, with perhaps a deposition. I overrule the objection, then, with the condition that the previously withdrawn discovery be answered, without objection, by no later than February 27, 2002, and the deposition, if held, be conducted no later than March 7, 2002.
_________________________ Robert E. Beach, Jr., J.